**SCHLACTER & ASSOCIATES**
**Attorneys for Plaintiff**
**450 Seventh Avenue**
**New York, New York 10123**
**(212) 695-2000**
**By: JED R. SCHLACTER (JRS-4874)**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

| | |
|---|---|
| **JINNO INTERNATIONAL USA, LLC,** | **15 Civ.** |
| **Plaintiff,** | **COMPLAINT FOR:** |
| -against- | **1. COPYRIGHT INFRINGEMENT** |
| **T-BAGS, LLC; SAKS & COMPANY LLC d/b/a SAKS FIFTH AVENUE OFF 5ᵀᴴ, SAKS FIFTH AVENUE and SAKS.COM,; AMAZON.COM, INC.; and DOES 1 through 10, inclusive,** | **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT** |
| **Defendants.** | **Jury Trial Demanded** |

------------------------------------------------------------------------X

Plaintiff, by its attorneys, SCHLACTER & ASSOCIATES, for its complaint against

defendant, alleges:


## JURISDICTION

1.      This action, as more fully stated below, is for, copyright infringement; arises under

Title 17 of the United States Code; jurisdiction is vested in this Court under 28 U.S.C. Section

1338(a); and proper venue exists under 28 U.S.C. Sections 1400(a) and 1391.

complaint–Jinno - T-Bags                                        1

## THE PARTIES

2.     Plaintiff, JINNO INTERNATIONAL USA, LLC (hereinafter referred to as "Jinno") is a foreign limited liability company duly organized and existing under the laws of the State of Delaware, with an office located at 202 West 40th Street, New York, NY 10018.  Plaintiff is, among other things,  a textile converter, selling finished textile piece goods to, among others, garment manufacturers.

3.     Upon information and belief, defendant, T-BAGS, LLC (hereinafter referred to as defendant or  "T-Bags") is a foreign limited liability company, with a place of business at 1745 N. Spring Street, #11, Los Angeles, CA 90012, and at 584 Broadway, Suite 301, New York, NY 10012, and it manufactures and/or imports wearing apparel for resale on-line and to retail stores throughout the country, and is doing business in New York County in the State of New York.

4.     Upon information and belief, defendant SAKS & COMPANY, LLC ("Saks") is a foreign limited liability company, doing business as Saks Fifth Avenue Off 5th , Saks Fifth Avenue and Saks.com; is a subsidiary of Hudson's Bay Company, a publicly traded Canadian corporation; and  has its corporate headquarters at 12 East 49th Street, New York, NY 10017.

complaint–Jinno - T-Bags

2

5.     Upon information and belief, defendant AMAZON.COM, INC. ("Amazon") is a foreign corporation with its corporate headquarters at 410 Terry Avenue North, Seattle, Washington 98109, and is doing business in New York County in the State of New York.

6.     Upon information and belief, defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed plaintiff's copyright, have contributed to the infringement of plaintiff's copyright, and/or have engaged in one or more wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise, of defendants Does 1 through 10 inclusive, are presently unknown to plaintiff, which therefore sues such defendants by fictitious names, and will seek to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     Upon information and belief, at all times relevant hereto, each of the defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including but not limited to full knowledge of each violation of plaintiff's rights and the damages to plaintiff proximately caused thereby.

complaint–Jinno - T-Bags

**PLAINTIFF'S COPYRIGHTED WORK**

8.     In 2012 an original work of art was created by York Design House Pty Ltd., the Karolina York Print Studio Division ("York"), and identified as "kyork 8389 R 1Col-9".

9.     On or about July 25, 2012, York transferred and assigned, for valuable consideration, any and all of York's worldwide rights, title and interest in the design called kyork 8389 R 1Col-9, to the plaintiff herein, including but not limited to the copyright thereto and any and all causes of action for prior, present and/or future infringements of such copyright.  Thereafter, plaintiff created a fabric design repeat utilizing the design kyork 8389 R 1Col-0, and identified this new design as "Pattern J835 Comet York".

10.     Since on or about January 21, 2013, plaintiff's Pattern J835 Comet York was produced on fabrics, which fabrics are also identified as Pattern J835 Comet York.

11.     The design of Pattern No. J835 Comet York is wholly original and is copyrightable subject matter under the laws of the United States.

12.     In or about January 21, 2013, plaintiff began selling fabrics bearing the design known as Pattern J835 Comet York.

13.     All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as Pattern J835 Comet York, identified as follows:  Registration No. VA 1- 971-765.

14.     Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

15.     A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "A".

## FIRST CAUSE OF ACTION

### (Copyright Infringement Against All Defendants)

16.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 15 above as if fully repeated herein.

17.     Subsequent to the publication by plaintiff of its Pattern J835 Comet York involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a

design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting,   yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

18.     A photocopy of plaintiff's copyrighted design known as Pattern J835 Comet York is annexed hereto as Exhibit "B".  A photocopy of defendants' said infringement is annexed hereto as Exhibit "C".

19.     All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

20.     Prior to the infringing actions of the defendants, the plaintiff had sold and sampled its Pattern J835 Comet York to numerous parties in the apparel industry.

21.     Plaintiff's copyrighted design incorporated carefully prepared and fashionable color combinations, which color combinations aided greatly in the sale of garments bearing the copyrighted design.

22.     Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and continue to offer for sale. The design printed on defendants' garments is substantially similar to, and in many respects almost identical to, plaintiff's copyrighted design.

23.     Defendants' infringing design (Exhibit C) is unmistakably copied from plaintiff's design (Exhibit B).

24.     Defendants' garments, when viewed by a consumer, would appear to be substantially similar to a garment of like style bearing plaintiff's copyrighted design.

25.     Defendants have also produced and sold their garments incorporating the copied design in a color combination identical to a color combination of plaintiff's design.

26.     Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

27.     Upon information and belief, the defendants had access to plaintiff's copyrighted design through several means, including but not limited to (a) by having had access to showrooms that were displaying the plaintiff's design on fabrics and/or in garments; (b) by having had access

to illegally distributed copies of the plaintiff's copyrighted design by third-party vendors, including without limitation international and/or overseas converters, mills and factories; and (c) by having had access to garments in the marketplace manufactured from lawfully produced fabric bearing the copyrighted design.   In addition, the virtually identical copy of plaintiff's copyrighted design produced and sold by defendants in their garments could only have been done by having had access to plaintiff's copyrighted design.

28.      Upon information and belief, one or more of the defendants manufactures garments and/or is a garment vendor.  In addition, upon further information and belief, said defendants each have an ongoing relationship with the defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the plaintiff's copyrighted design in that said garments were composed of fabric which featured the unauthorized print design that is virtually identical or substantially similar to plaintiff's copyrighted design.

29.      By defendants' use of a design and color combination identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their garments as a substitute for the garments sold by customers of plaintiff.

30.      Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars.  The infringing

activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### (Vicarious and/or Contributory Copyright Infringement Against All Defendants)

31.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 30 above as if fully repeated herein.

32.    Upon information and belief, defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments containing the infringing design.

33.    Upon information and belief, defendants and each of them are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34.    By reason of the defendants', and each of their, acts of contributory and/or vicarious infringement as alleged herein, plaintiff has suffered and will continue to suffer substantial damages in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars.

The wrongful activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.


**WHEREFORE**, plaintiff demands:


(1)     That defendants, their agents, employees and servants be enjoined permanently from infringing the said Copyright No. VA 1- 971-765 of plaintiff covering its Pattern J835 Comet York, in any manner and from publishing, selling, marketing or otherwise disposing of any textiles, garments or other products imprinted with the design copied from plaintiff's said copyrighted design.


(2)     That defendants be required to pay to plaintiff damages to be determined at trial, but believed to exceed  One Million ($1,000,000.00) Dollars, plus interest, which plaintiff has sustained in consequence of defendants' direct, vicarious and/or contributory infringement of said Copyright, and to account for:


(a)     all gains, profits and advantages derived by defendants in their infringement of plaintiff's Copyright or such damages as to the Court shall appear proper within the provisions of the copyright statutes.


complaint–Jinno - T-Bags                                    10

(3)     That defendants be required to deliver up to be impounded, all copies of said reproduction of said work of art in their possession or under their control, and to deliver up for destruction all infringing copies and rollers, screens, plates, molds, and other matter for making such infringing copies.

(4)     That defendants pay to plaintiff the costs of this action and reasonable attorneys' fees to be allowed to the plaintiff by the Court.

(5)     That plaintiff have such other and further relief as is just.

### A TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Dated: New York, New York
       November 2, 2015

                                      SCHLACTER & ASSOCIATES
                                      Attorneys for Plaintiff

                              By:
                                   JED R. SCHLACTER (JRS-4874)
                                 450 Seventh Avenue
                                 New York, NY 10123
                                 (212) 695-2000

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
## VA 1-971-765
**Effective Date of Registration:**
September 23, 2015

---

## Title

| | |
|---|---|
| **Title of Work:** | Pattern J835 Comet York |
| **Nature of Claim:** | Design for Fabric |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2012 |
| **Date of 1st Publication:** | January 21, 2013 |

## Author

| | |
|---|---|
| ● **Author:** | York Design House Pty Ltd. (Karolina York Print Studio Division) |
| **Author Created:** | 2-Dimensional artwork |
| **Work made for hire:** | Yes |
| **Citizen of:** | Australia |
| **Anonymous:** | No |
| **Pseudonymous:** | No |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Jinno International USA LLC |
| | 202 West 40th Street, New York, NY, 10018 |
| **Transfer statement:** | Assignment |

## Limitation of copyright claim

| | |
|---|---|
| **Previously registered:** | No |

## Certification

| | |
|---|---|
| **Name:** | Igor Bochkov |
| **Date:** | September 22, 2015 |

# EXHIBIT B



# EXHIBIT C

